Case 05-21459    Filed 05/11/05    Doc 14



FILED
MAY 11 2005
MAY 11 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-21459-C-7
)
YOLANDA A. NORMAN, ) DC No. KEH-1
)
    Debtor. )
_____)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON MOTION TO VACATE STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed their voluntary chapter 7 petition on February 11, 2005. She scheduled a 1999 Chevy Malibu ("the vehicle") as property of the estate. The vehicle was

scheduled as exempt in the amount of $1,900. The first meeting of creditors was held on March 14, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors.

On April 8, 2005, Huntington National Bank ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. Movant holds a lien on the vehicle in the approximate amount of $2,709.39 and asserts that the Kelley Blue Book wholesale value of the vehicle is approximately $4,375.00. Debtor listed the vehicle having a value of $4,500.00 in Schedule B and D. The court is not aware of any other liens against the vehicle. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier if debtors fail to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtors do not have equity in the

property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because there is equity in excess of $1,665.00, the motion will be denied as to the debtors.

As to the trustee, the motion will be granted because the chapter 7 trustee filed a no asset report finding that the estate has no interest in the property.

An appropriate order will issue.

Dated: May 11, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

Case 05-21459    Filed 05/11/05    Doc 14

**CERTIFICATE OF SERVICE**

      On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Yolanda Norman
1930 Loredo Circle
Stockton, CA 95209

Michael O'Neal
1565 River Park Drive #A
Sacramento, CA 95815

Garry Farrar
P.O. Box 576097
Modesto, CA 95357-6097

Huntington National Bank
c/o Herron & Associates
Attn: Keith Herron
9444 Balboa Avenue, Suite 225
San Diego, CA 92123

Office of the United States Trustee
United States Courthouse
650 Capitol Mall; Room 7035
Sacramento, CA  95814

Dated: 5/11/05

_____
Deputy Clerk